FILED
2022 Jan-11 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MARTIN FORSYTH,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:17-cv-00854-RDP |
| **UNIVERSITY OF ALABAMA BOARD OF TRUSTEES,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant's Bill of Costs. (Doc. # 82). The matter has been fully briefed (Docs. # 82, 86, 88) and is now ripe for review.[1] The court concludes that while Defendant is due to be awarded costs, it is not entitled to recover all the costs it has claimed.

"[A] court may only tax costs as authorized by statute." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The relevant fee-shifting statute here is 28 U.S.C. § 1920(2), which permits the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in this case[.]" Defendant seeks $11,074.90. (Doc. # 82 at 1).

Plaintiff objects to the Bill of Costs on two grounds. First, he asserts that Defendant's invoices include expenses that are not compensable as costs. (Doc. # 86 at 5-7). The court agrees with respect to the following costs: professional attendance (Doc. # 82 at 6 [$140]), exhibit management (*id.* [$117.90]), condensed/concordance (*id.* at 7 [$30]; *id.* at 8 [$30]; *id.* at 9 [$30]; *id.* at 12 [$30]; *id.* [$30]; *id.* at 13 [$30]; *id.* [$30]; *id.* at 14 [$30]), deposition disk (*id.* at 7 [$30];

---

[1] Previously, the court stayed Defendant's Bill of Costs because Plaintiff's appeal was pending. (Doc. # 89). After the Eleventh Circuit affirmed this court's summary judgment ruling, Defendant moved to lift the stay (Doc. # 93), which the court granted (Doc. # 94). Although the court gave Plaintiff the opportunity to modify his earlier objections (*id.*), he did not do so.

*id.* at 8 [$20]; *id.* at 9 [$20]; *id.* at 12 [$20]; *id.* [$20]; *id.* at 13 [$20]; *id.* [$20]; *id.* at 14 [$20]), read & sign (*id.* at 7 [$40]; *id.* at 8 [$40]; *id.* at 9 [$40]), postage/handling (*id.* at 7 [$20]; *id.* at 8 [$20]; *id.* at 9 [$20]; *id.* at 12 [$15]; *id.* at 13 [$15]; *id.* at 14 [$15]), exhibit copy (*id.* at 7 [$22.05]; *id.* at 8 [$116.20]; *id.* at 9 [$248.85]; *id.* at 12 [$102.20]; *id.* at 13 [$33.95]; *id.* at 14 [$56.35]), exhibit binder (*id.* at 9 [$20]), and exhibit scan to disk (*id.* at 12 [$40.65]; *id.* at 13 [$14.55]; *id.* at 14 [$22.35]). The court also agrees with Plaintiff that "Defendant provides nothing to indicate an essential need" for these costs. *Henderson v. Home Depot U.S.A., Inc.*, No. 8:04-CV-2382T24TGW, 2006 WL 4978430, at *4 (M.D. Fla. July 6, 2006). That is, although Defendant asserts that "these costs were necessary," it has not provided a sufficient explanation as to why that is so. (*See* Doc. # 88 at 4). Because the court cannot evaluate whether these costs, which total $1,570.05, were truly necessary (or, rather, for Defendant's convenience), the court will not award them.[2] The court, however, disagrees with Plaintiff on whether Defendant should be able to recover video deposition costs. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) (explaining that video deposition costs are recoverable under section 1920). The court finds Plaintiff's objection particularly uncompelling, given that Plaintiff noticed these witnesses for video depositions. (*See* Doc. # 88 at 4).

Plaintiff's second objection is that Defendant should not be awarded costs for depositions that it did not cite in its briefing. (Doc. # 86 at 7). The court disagrees. Defendant submitted these depositions of Plaintiff's supervisors in its evidentiary submissions, (Doc. # 71), and the court cited them in its opinion (*see* Doc. # 80). In addition, Plaintiff noticed these depositions and questioned these deponents for a total of twelve hours. (Doc. # 88 at 3). Because the depositions

---

[2] And even if Defendant had demonstrated necessity, the court would still not be able to award some of the requested costs. *See, e.g.*, *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage not recoverable under section 1920); *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (nor are binder costs).

were related to the issues in the case, transcript costs are properly taxable under section 1920. *See E.E.O.C. v. W&O, Inc.*, 213 F.3d at 622.

For the reasons above, Defendant's Bill of Costs (Doc. # 82) is **GRANTED IN PART** and **DENIED IN PART**. Defendant is entitled to $11,074.90 less $1,570.05. Accordingly, the court **DIRECTS** the Clerk of Court to tax costs against Plaintiff in the amount of $9,504.85.

**DONE** and **ORDERED** this January 11, 2022.

*[signature]*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE